## SUPREME COURT.

### Thomas C. Cardwell agt. John J. Hicks.

A person who takes a *note*, which is fraudulent in its inception, without knowledge of the fraud, and pays for it partly in cash and partly by discharging a precedent debt, is a *bona fide* holder for value only to the amount of the *cash paid*.

Ingraham, P. J., *dissenting*: Holding that the court of appeals in the case of *Young* agt. *Lee*, (2 *Kern.*, 551,) have settled the doctrine that a party who receives accommodation paper and surrenders the note of the party from whom it is received, before such note is due, is a *bona fide* holder for value.

*New York General Term, May,* 1862.
Ingraham, Leonard and Clerke, *Justices.*
Motion for new trial on judgment at special term.

By the court, Leonard, Justice. It must be assumed that the defendant offered evidence sufficient to go to the jury upon the question of fraud in the inception of the note, unless the plaintiff is *bona fide* holder of it for value. The note is for $517.50.

The plaintiff had a demand against C. Wirgman for about $250 money, collected by him for the plaintiff, which he discharged, and paid to Wirgman the balance of the note in money before maturity, and without any suspicion of the alleged fraud practiced upon the defendant, when the note was obtained. To the extent of the money paid by plaintiff on receiving the note, there is no doubt of his right to recover. The judge at the trial charged the jury that if they believed that the plaintiff paid a part of the note in cash, without knowledge of the fraud alleged by the defendant in the making and issuing of the note, he became thereby a *bona fide* holder, and entitled to recover the whole amount with interest, and that the defendant had no defence to the part taken for a precedent debt.

Twenty years of judicial construction and decision have not fully terminated the controversy in this state, so ably

discussed in the conflicting cases of *Swift* agt. *Tyson*, (16 *Peters R.*, 1,) and *Stalker* agt. *McDonald*, (6 *Hill R.*, 93.)

The case last mentioned was determined in the late court of errors, and is entirely adverse to the ruling of the judge in the case at bar.

The case expressly indorses *Coddington* agt. *Bay*, and *Rosa* agt. *Brotherson*, as the law of this state, and condemns the case. of *Swift* agt. *Tyson*.

In *Rosa* agt. *Brotherson* (10 *Wend. R.*, 85,) it is decided that where a creditor receives the transfer of a negotiable note in payment of a precedent debt, he takes it subject to all equities existing between the original parties.

The case of *Young* agt. *Lee*, (2 *Kern. R.*, 551,) does not purport to overrule these cases. Referring to *Stalker* agt. *McDonald*, Judge JOHNSON, delivering the opinion of the court of appeals, (*p.* 555) says, that case does not decide that a receipt in extinguishment of a precedent debt, not at the time over-due, does not constitute the receiver a holder for value in good faith, distinguishing the cases, but expressing no disapprobation with the case of *Stalker* agt. *McDonald* as an authority.

I understand the principle of all the numerous cases on this subject to be, that the holder can claim protection from the defence of a party whose note or other negotiable mercantile obligation has been obtained by fraud, only in case he has parted with some value or suffered some injury upon the faith of it; and where the holder will lose no right of which he was possessed when he obtained the note, and will be fully reinstated if he fails to recover, that he is not in such case a holder for value, and the equities of the party whose note has been obtained by fraud will be preferred.

In the present case the plaintiff will have his remedy against Wirgman, his orignal debtor. He will sustain no loss if he fails to recover, while the defendant will, on the

Cardwell agt. Hicks.

contrary, lose the amount of the plaintiff's claim against Wirgman.

Unless the principle of " *stare decisis* " is to be wholly disregarded, the defence in this case is good to the extent of $250, if the jury shall find that the note was fraudulently obtained.

The case of *Young* agt. *Lee* has not overruled the former decisions.

It is another application of the old rule. It is expressly stated that the note surrendered was not then due. It was not then received in payment or satisfaction of a debt, because the paper had not matured. It was still a chose in action; a negotiable note at the time it was surrendered.

In the case of *Stettheimer* agt. *Meyer* (33 *Barb. R.*, 217,) it is assumed that *Young* agt. *Lee* has overturned the prior current of authority.

I think the court of appeals would not have marked so carefully the fact that the note which was surrendered had not become due, and would not have cited with approbation cases which they were, in fact, overruling, if that court intended that the case of *Young* agt. *Lee* should be understood as the learned judge has supposed, who decided the case (in 33 *Barb. R.*) above cited.

I advise that a new trial be ordered, with costs to abide the event.

CLERKE, J., concurred.

INGRAHAM, P. J., *dissenting*. The question in this case is whether a person who takes a note that has been diverted from the use for which it was made, and pays for it partly in cash and partly by giving up the note of the person who surrendered it, is a *bona fide* holder for value.

In *Young* agt. *Lee*, (2 *Kernan*, 551,) the court of appeals held that a party who receives accommodation paper and surrenders the note of the party from whom it is received, before such note is due, is a *bona fide* holder for value.

And in *Stettheimer* agt. *Meyer* (33 *Barb.*, 215,) the Mon-

roe general term held that where a note is so received, and the holder gives up the note of the party from whom he receives the note, although overdue when it was surrendered, he is a *bona fide* holder for value. JOHNSON, J., says: " We think the rule is now settled that, whenever a negotiable note is taken in good faith before it becomes due, in payment of a pre-existing indebtedness, and the evidence of such indebtedness is surrendered or destroyed, the person taking such note becomes a holder for a valuable consideration."

As we follow the decisions of other general terms in the other districts, where there is no special reason for dissenting therefrom, I think this case should be followed.

The case of the *Frankfort Bank* ads. *Farrington* (24 *Barbour*, 554, *and* 31 *Barbour*, 183,) has been urged as sustaining a contrary rule. But in that case the original notes were not given up at the time of receiving the notes sued on, but only a short time before commencing the action. ALLEN, J., says: " The transaction between the parties was complete when Osborn delivered to the plaintiffs the drafts."

No other act was necessary to vest the title, and they were then the holders of both sets of securities. That case does not conflict with the views herein expressed.

I am also informed of manuscript decisions in the general term in this district holding a contrary doctrine, although the question might be considered settled by the court of appeals in *Young* agt. *Lee*, and that there is no reason for any distinction whether the note given up was past due or not yet payable; still it may be that these cases are so explicit on this point that my brethren who have taken part in these decisions may feel bound by them.

My own opinion is, that the present verdict should be sustained and judgment rendered thereon.