ALEXANDER H. HOLCOMB v. WILLIAM H. WYCKOFF.

1. A note to be salable, so as to give the purchaser a right to enforce it for the full amount, must be available in the hands of the seller, and the test of its availability in the hands of the seller is his right to maintain an action on it against the maker, at the time of the transfer, assuming it then to have been due.

2. A note void in the hands of the payee, because obtained by him of the maker by fraud, is collectible in the hands of a subsequent *bona fide* holder who has taken it before maturity for value ; but if such holder has paid on such transfer a less sum than the amount of the note, he can only recover the amount which he, or some prior holder through whom he derives title, has paid for it.

On case reserved at the Somerset Circuit.

This was an action on two promissory notes, made by defendant, and given by him to one Farrington. The consideration of the notes was certain wine plants sold by Farrington to the maker of the notes, which were drawn payable to Farrington or order, without defalcation or discount, and subsequently came to the hands of one Bryce, by whom they were sold to Holcomb at a discount, before maturity. The jury found that the notes were fraudulent and void as between the maker and Farrington. Holcomb took the notes without knowledge of the defect in the consideration on which they were founded.

The question reserved at the Circuit for the consideration of this court was, whether Holcomb is entitled to recover the sum for which the notes were given, or only the consideration he paid Bryce for them.

Argued at November Term, 1869, before the CHIEF JUSTICE, and Justices WOODHULL, DEPUE, and VAN SYCKEL.

For plaintiff, *George A. Allen.*

For defendant, *A. V. Van Fleet.*

DEPUE, J.   In an action by an endorsee against the maker, the course of proceeding at the trial is to prove the making of the note and its endorsement, from which a consideration for the note will be implied.   Upon proof being made that the note was obtained by fraud, or was fraudulently put in circulation, the plaintiff, to recover, must show that he bought it before maturity, *bona fide*, and for value.   *Duncan, Sherman & Co.* v. *Gilbert*, 5 *Dutcher* 521.   Where the evidence shows that the plaintiff is a *bona fide* holder before maturity, for the full value of the note, or where he has taken it from a precedent holder who has given full value, and to whose rights he has succeeded by virtue of the endorsement, he may recover the full amount of the note, without regard to defences to which it might be subject, as between the original parties.   It is also the settled law in this state that, where the note is valid between the original parties, and has been transferred by endorsement, to pass the legal title, no defects in the contract of endorsement will affect the endorsee's right to recover the full amount of the note.   *Durant* v. *Banta*, 3 *Dutcher* 624. In the case first stated, the endorsee, or some prior holder whom he represents, having paid full value on the transfer, obtains an equity to recover of the maker, who has put negotiable paper in circulation, the full consideration he, or a precedent holder, has paid for it.   In the case last stated, the note being valid in its inception, and the maker being liable on the instrument for the full sum named therein, he cannot avail himself of defects in the consideration upon which the contract of endorsement was made.

But the case reserved presents the question whether the notes, being fraudulent and void as between the original parties, and having come to the hands of the plaintiff for a consideration less than their full value, *he* can recover beyond the consideration he actually paid.

In *Nash* v. *Brown*, reported in a note in *Chitty on Bills, page* 74, the action was on a bill of exchange, which had been accepted by the defendant, as a present to the payee, by whom it was endorsed to the plaintiff for a small sum, and Lord

Ellenborough held that the plaintiff was entitled to recover only so much as he had actually advanced on the bill. On the strength of this case, Prof. Parsons gives, as his opinion, that where a note has been made by way of a gift, and for that reason invalid between the original parties, and has been transferred by endorsement for less than its value, in good faith, before maturity, the endorsee may recover upon it, but the recovery will be limited to the amount he has actually paid for it. 1 *Parsons on Notes* 191. Where a bill has been accepted for the accommodation of the drawee, by whom it is endorsed to a third person, who advances but a part of the amount, the latter can only recover as much as he has really paid. *Wiffen* v. *Roberts*, 1 *Esp.* 261; *Jones* v. *Hibbard*, 2 *Starkie* 270. The principal is a general one, that on a bill or note, which is void between the original parties for want of consideration, as being mere accommodation paper, or having been obtained by fraud, or fraudulently misappropriated, a *bona fide* endorsee for value can only recover the amount that he, or some prior holder, through whom he derives title, has paid for it. *Allaire* v. *Hartshorne*, 1 *Zab.* 665; *Edwards* v. *Jones*, 7 *C. & P.* 633; *Simpson* v. *Clark*, 2 *C. M. & R.* 342; *Parish* v. *Stone*, 14 *Pick.* 198, 208; *Stoddard* v. *Kimball*, 6 *Cush.* 469; *Hubbard* v. *Chapin*, 2 *Allen* 328; *Williams* v. *Smith*, 2 *Hill* 301; *Cardwell* v. *Hicks*, 37 *Barb.* 458; *Petty* v. *Hunnan*, 2 *Humph.* 102; *Holman* v. *Hobson*, 8 *Ib.* 127.

Upon the argument it was insisted that *Allaire* v. *Hartshorne* is not an authority upon the question in issue in this case, because in the case then before the court, the endorsee took the note under an express agreement that it should be held merely as collateral security for a less sum, and that for the residue he was trustee for his endorser, as to whom the note was utterly void. In point of fact the argument is true, but the case was decided on principles of commercial law of general application, which bear directly upon the case now under consideration. That they were understood to extend to all cases where a partial consideration has been paid for negotiable paper, which is invalid between the original parties,

except where the holder is a *bona fide purchaser*, is manifest from the course of reasoning of the Chief Justice in delivering the opinion of the court, as well as from the re-statement of the principles on which *Allaire* v. *Hartshorne* was decided by the same accurate jurist when Chancellor, in his opinion in the Court of Errors in *Duncan, Sherman & Co.* v. *Gilbert*, 5 *Dutcher* 527.

The case now before the court cannot be distinguished from *Allaire* v. *Hartshorne* upon any principle founded on reason or justice. In both cases the notes were void in the hands of the original parties, and the only vitality they possessed was that which they acquired from the consideration for which they were transferred. In the one case, a portion of the sum mentioned in the note being a trust for the payee, as to whom the note was void, it was manifest that for so much the plaintiff ought not to recover; in the other case, the note being equally void, the plaintiff has no equity to recover beyond what will be indemnity for the money he paid for it.

If the fact that the contract of transfer in *Allaire* v. *Hartshorne* was intended to transfer to the endorsee only a limited interest in the note, impairs the effect of that case as authority, that objection cannot be made to some of the cases cited. In those cases the payees had transferred their entire interest in the notes, and yet the recovery was limited to such parts of the consideration given by the endorsees as in law would be a sufficient consideration to defeat any equities the makers might have; and as to the residue, the notes were held to be void. Thus, in *Cardwell* v. *Hicks*, which was decided in New York, where a precedent debt is not regarded as a sufficient consideration to defeat prior equities, it was held that a purchaser of a promissory note, which was fraudulently obtained, who pays for it partly in cash and partly by discharging a precedent debt due to him from the person of whom he buys, is a *bona fide* holder only to the extent of the money paid, and that he could not recover of the maker beyond that amount.

It was also insisted that the plaintiff, having purchased the

notes of Bryce for a valuable consideration, without knowledge of the circumstances under which they were given, acquired by such purchase a right to recover the full amount due on them, without regard to what he paid for them.

It is conceded that the owner of a note which is valid in its inception, may sell it at any rate of discount, and the purchaser may enforce it for its full amount against the maker. *Durant* v. *Banta*, 3 *Dutcher* 624. But to make a note salable by the holder, so as to give the purchaser a right to enforce it for its face, the note must be perfect and available in the hands of the seller as against the maker, and the test of its availability, in his hands, is his right to maintain an action on it against prior parties at the time of the transfer, assuming it then to have been due. *Powell* v. *Waters*, 8 *Cow.* 669; *Aeby* v. *Rapelye*, 1 *Hill* 9; *Hall* v. *Earnest*, 36 *Barb.* 585; *Nichols* v. *Fearson*, 7 *Peters* 103; *Edwards on Bills* 352; *Campbell* v. *Nichols*, 4 *Vroom* 81.

The notes sued on were fraudulent and void in the hands of Farrington. He could not have enforced them against the maker. By proof that they were obtained by fraud, the burden was cast on the plaintiff of showing a consideration for some one of the subsequent transfers that will defeat the maker's equity. What Bryce paid for the notes does not appear. The probability is that he was a mere agent to effect a disposition of them. In the absence of proof that he gave value, the inference is that he was a holder without value paid. As the case stands with respect to Bryce, he could not have recovered on them at all. He, therefore, had no title which he could transfer by a sale to the plaintiff, and until they reached the plaintiff's hands, the notes continued to be affected by the vice which made them void in the hands of the original holder. If it had appeared that Bryce paid full value for them, or gave more than the plaintiff paid, he would then have had a real, substantial interest, which, by the sale, would have been transmitted to the plaintiff, and to that extent he might have recovered. As it is, the plaintiff acquired by the purchase from Bryce nothing beyond the

naked legal title to the notes, and the only validity they have acquired was that obtained from the consideration paid by the plaintiff himself on the transfer to him.

The notes not being subjects of sale when they were in Bryce's hands, the plaintiff cannot claim as a purchaser. He is merely a *bona fide* holder for a partial consideration. As such, he may recover the consideration he paid, and interest, but not beyond.

Judgment should be entered for the plaintiff for the sum he paid for the notes, with interest.

The CHIEF JUSTICE, and Justices WOODHULL and VAN SYCKEL concurred.

CITED *in Knapp* v. *Mayor, &c., of Hoboken,* 10 *Vr.* 397.