## SUPREME COURT.

PHILIP STEVENS, appellant, agt. THE CORN EXCHANGE BANK, respondent.

*A correct decision for a wrong reason — bona fide purchaser for value — liability of bank to pay certified checks.*

A correct decision is not to be reversed, because the reason upon which it may have been placed may prove untenable.

To entitle the holder of a check to be protected as a *bona fide* holder for value, it must appear that he has parted with something of value as the consideration for which the check was received; his contingent agreement to pay value for it, but never having actually done so, is not a sufficient consideration.

So where partial value only appears to have been parted with upon the faith and transfer of commercial paper, the right of the holder to recover upon it has been restricted to the amount of such value.

By certifying a check the bank obligates itself to hold so much of the drawer's credit or funds as may be required for the purpose of its payment, when it shall be presented.

Where the drawer of a check, having sufficient funds in the bank to meet it, procures the check to be certified by the bank, and then lays the check aside among some of his other papers, where it remains six or seven years — having forgotten it, during which time he has drawn out all of his funds in the bank, he cannot compel the bank to pay the amount of the check again because it is merely outstanding.

And a purchaser of such check, who is not a *bona fide* holder for value, stands in no better position to enforce its payment from the bank than the drawer.

*General Term, First Department, October,* 1874.

APPEAL from a judgment recovered on the report of a referee.

*Ely & Smith,* for appellant.

*James W. Gerard,* for respondent.

DANIELS, J. — This action was brought to recover the amount due upon a check drawn by Lawrence R. Jerome on the defendant, for the sum of $2,500, payable to the order of Catherine H. Jerome, and indorsed by her. The check was dated on the 5th day of May, 1862, and certified as good at that time, by the teller of the defendant. It was not charged to the account of the drawer, who then had more funds on deposit in the bank than were required for its payment; but a memorandum of its amount was made in figures on the margin of his account in one of the defendant's ledgers. The check was delivered by the drawer to the payee, his wife, and she indorsed and returned it to him. He placed it in a box of unimportant papers, where it remained and was forgotten until about the 18th or 19th of January, 1869, when it was casually discovered and the next day delivered to the plaintiff. The drawer, Lawrence R. Jerome, testified that he had been the attorney in fact of his wife, the payee, for twenty years, and that he did business in her name, or as agent — which meant her — in 1862, and transferred the check to the plaintiff, for which he was to have an interest in an oxygen gas company of $2,500. This was his statement as a witness; but the plaintiff, by observing greater precision in the terms used to describe the arrangement, did not state it quite as favorably to the validity of the transfer; and as he was the person affected by the evidence, there can be no impropriety in adapting his own statement as the truth. Before the transfer of the check to him, the drawer, Lawrence R. Jerome, drew from the bank all the money he had in it, on deposit, except fifty-three cents. At the close of the plaintiff's case, the defendant moved for a nonsuit, for the reason that the action had not been commenced within six years after the right to maintain it had accrued. This motion was denied, but the referee finally reported in the defendant's favor; and that appears to have been done upon the ground that the drawer's account had been reduced to the small balance already mentioned, with the assent of the payee, and

probably for her benefit, and the great lapse of time intervening between the certifying and transfer of the check.    It is not necessary to determine whether the referee rightly denied the motion for a nonsuit, nor whether he was correct in treating the check as dishonored when the plaintiff received it.    For, if he was not a *bona fide* holder, under the evidence given, and the facts found, the conclusion of the referee cannot be disturbed, because the reason assigned in support of it may, upon further examination, prove to be unsound.    A correct decision is not to be reversed, because the reason upon which it may have been placed may prove to be untenable (*Monroe* agt. *Potter*, 32 *How. P. R.*, 49 ; *Holtsinger* agt. *Corn Exchange Bank*, 37 *id.*, 203, 206; *McGregor* agt. *Buell*, 1 *Keyes*, 153, 155, 156).

That the plaintiff did receive the check subject to all legal and equitable defenses against it in the hands of Catherine H. Jerome, as it was found he did by the referee, is quite apparent from the evidence given by himself as a witness upon the trial.    His evidence was that he sold Lawrence R. Jerome one six-hundredth interest in the profits resulting from a patent for explicating oxygen gas; no interest in the patent was transferred, and it was not represented by any stock. But as the plaintiff in terms described it, it was merely his personal engagement to account to him for one six-hundredth part of the profits, if any ; and whether there ever might be any profits whatever, arising out of the invention, remained in a state of uncertainty.    For he stated that the patent had not been tested in this country ; but it had in Europe ; and what the result was of the test made of it was not made to appear.

The only consideration, under this state of the evidence, which Lawrence R. Jerome received for the check, was the executory agreement of the plaintiff to pay over this small share of the profits of the patent, in case any should ever be realized from it.    This was not the advancement of anything on the faith of the check, but simply a contingent agreement

to make an advance at some future uncertain period of time; and it was not shown that it ever had been followed by the payment of even a single cent upon it. The plaintiff parted with nothing whatever for the check, and if he fails to collect it from the defendant he will be no worse off in consequence of having received it. Such a failure will deprive the promise he made of the consideration which existed for making it, and, as a necessary consequence, terminates his liability upon it. He can lose nothing, therefore, even if the check should prove uncollectible in his hands; and as long as that appears to be the case, he cannot be protected as a *bona fide* holder of it for value. To entitle him to that protection the evidence should show him to have parted with something of value as the consideration for which the check was received, while that which was given on the trial simply showed that he had contingently agreed to pay value for it, but never had actually done that.

In the case of *Fulton Bank* agt. *Phœnix Bank* (1 *Hall*, 562), it was held that receiving negotiable paper by a bank and simply placing it to the credit of the person from whom it was taken, was not parting with value for it so as to enable the bank to hold it against the rights of the real owner. The same thing was also maintained in the cases of *Clark* agt. *Ely* (2 *Sand. Ch.*, 166) and *Clarke Nat. Bank* agt. *Bank of Albion* (52 *Barb.*, 592); and for the reason upon which this rule has been established, where partial value only appears to have been parted with upon the faith and transfer of commercial paper, the right of the holder to recover upon it has been restricted to the amount of such value (*Williams* agt. *Smith*, 2 *Hill*, 301; *Condwell* agt. *Hicks*, 37 *Barb.*, 458; and cited approvingly in *Lawrence* agt. *Clark*, 36 *N. Y.*, 128, 130; *Staeken* agt. *McDonald*, 6 *Hill*, 93, 96; *Parsons on Bills and Notes, vol.* 1, 191, *and cases cited in note; Huff* agt. *Wagner*, 63 *Barb.*, 215; *Wintle* agt. *Crowther*, 1 *Crompt. & Jervis*, 316; *Weaver* agt. *Barden*, 49 *N. Y.*, 286). This application of the principle, as well as the authorities support-

ing it, seem to have been overlooked in the case of the *Park Bank* agt. *Watson* (42 *N. Y.*, 490). But in view of the more recent support accorded to it by the same court in the preceding case cited, that may safely be regarded as substantially overruled. Still, as this case requires no such conclusion to support the position that the plaintiff was not shown to be a holder of the check in controversy for value, it is not necessary to definitely decide that point in the present instance.

The question is, therefore, presented whether Catherine H. Jerome could have recovered the amount of the check from the defendant if she had endeavored to do so at the time it was delivered to the plaintiff. For if she could not, then the plaintiff himself must fail, because he stands in the same situation as long as he received it without paying anything of value for it.

By certifying the check, the defendant obligated itself to hold so much of the drawer's credit or funds as might be required for that purpose for its payment, when it should be presented (*Farmers and Mechanics' Bank* agt. *Butchers and Drovers' Bank*, 14 *N. Y.*, 623; 16 *id.*, 125; 28 *id.*, 425; *Meads* agt. *Merchants' Bank of Albany*, 25 *id.*, 143; *Merchants' Bank* agt. *State Bank*, 10 *Wallace*, 604).

While she held and owned the check, she possessed the right to have that credit and those funds applied to its payment whenever she elected to require that to be done, and, without her consent and authority, the defendant could not direct or apply them to any other purpose; but if she consented that a different application or disposition should be made of them, and it was accordingly done, after that she could not consistently claim payment of the check; for that would secure to her full benefit of all that might otherwise be required upon the check.

But, in a different manner, she was entitled to $2,500, out of her husband's account, by means of the check and its acceptance, and to nothing more than that; and if that has been secured to her in an indirect manner, the effect will be

the same as though it had been done by means of the immediate instrumentality of the check itself. That it was so secured was found as a fact by the referee, and may readily be inferred from the evidence; for the money was all drawn out by her husband while he was her general agent and acting in her behalf. That it was designed to be under his complete control is apparent from the circumstances that he was her agent; that when he carried on business it was in her name; that the check was returned to him soon after its delivery to her, and remained among their joint papers without any attention to it on the part of either of them, until it had been forgotten, and the money due upon it had been received and used by him through other instrumentalities.

These facts warranted the conclusion deduced from them by the referee, that Catherine H. Jerome had assented to her husband drawing out of the bank, and using, the money he there had deposited for her benefit to pay the check.

It was a diversion of it for his or their joint benefit, with her implied consent and authority; and, after that, it would be, morally as well as legally, unjust to allow her to enforce payment of the same amount again because the check itself had been inadvertently left outstanding.

The judgment against the plaintiff was, for these reasons, entirely right, and it should, therefore, be affirmed, with costs.