## STEVENS V. CORN EXCHANGE BANK.

*Check — certification of — liability of bank — Bona fide holder — Agency — Practice — erroneous reason for right decision.*

J. drew a check to the order of his wife, May 5, 1862, on a bank, which was on that day certified by the bank (J.'s account there being then good for the amount), but not charged up against J. He gave the check to his wife, who indorsed it and returned it to him. It was put away and forgotten, and was not used until January 18, 1869, when it was transferred by J. to plaintiff in consideration of an executory agreement by plaintiff to pay a certain sum out of contingent profits from a patented article. At the time the check was drawn and certified, and afterward, J. was the attorney in fact and agent of his wife, and did business in her name. Before the check was transferred to plaintiff, the deposit of J. in the bank had been reduced

to a nominal sum. *Held*, that plaintiff did not part with value when the check was transferred to him, and only acquired the rights of J.'s wife, that although by the certification the wife became entitled to the amount of the check from her husband's deposit, she having assented to her husband's withdrawing that amount, and he having done it, although not by the use of the check, she had, through him, received the benefit of the amount of the check, and had no claim thereon against the bank.

A correct decision will not be reversed because the reason upon which it may have been placed may prove to be untenable.

APPEAL by plaintiff from a judgment in favor of defendant, entered upon the report of a referee.

The action was brought by Philip H. Stevens against the Corn Exchange Bank, to recover the amount of a check certified by the defendant. The material facts fully appear in the opinion.

*Ely & Smith*, for appellant. The assent of Mrs. Jerome was not a ratification of her husband's acts. *Nixon* v. *Palmer*, 8 N. Y. 401; *Seymour* v. *Wickoff*, 10 id. 224; *Hays* v. *Stone*, 7 Hill. 132; *Owings* v. *Hull*, 9 Pet. 607; *Copeland* v. *M. Ins. Co.*, 6 Pick. 198; Story on Agency, § 243; *Weisser* v. *Denison*, 10 N. Y. 69; *Bank of U. S.* v. *Davis*, 2 Hill. 451; *Sutton* v. *Dillaye*, 3 Barb. 529. Also cited, *Merchants' Bank* v. *State Bank*, 10 Wall. 604; *Champion* v. *Gordon*, 70 Penn. St. 474; *Espy* v. *First National Bank of Cincinnati*, 9 Alb. L. J. 287; *Howell* v. *Adams*, 1 N. Y. Sup. 425; *First National Bank* v. *Leach*, 52 N. Y. 350; *Belmont Branch Bank* v. *Hoge*, 35 id. 65; *Griggs* v. *Howe*, 3 Keyes, 166; *Pope* v. *Bank of Albion*, 59 Barb. 226.

*Platt & Gerard*, for respondent.

DANIELS, J. This action was brought to recover the amount due upon a check drawn by Lawrence R. Jerome on the defendant, for the sum of $2,500, payable to the order of Catherine H. Jerome, and indorsed by her. The check was dated on the 5th day of May, 1862, and certified as good at that time, by the teller of the defendant. It was not charged to the account of the drawer who then had more funds on deposit in the bank than were required for its payment, but a memorandum of its amount was made in figures on the margin of his account in one of the defendant's ledgers. The check was delivered by the drawer to the payee his wife, and she

indorsed and returned it to him. He placed it in a box of unimport-
ant papers, where it remained and was forgotten until about
the 18th or 19th of January, 1869, when it was casually
discovered and the next day delivered to the plaintiff. The drawer,
Lawrence R. Jerome, testified that he had been the attorney in fact
of his wife the payee, for twenty years, and that he did business in
her name or as agent, which meant her, in 1862, and transferred
the check to the plaintiff, for which he was to have an interest in an
oxygen gas company of $2,500. This was his statement as a witness,
but the plaintiff by observing greater precision in the terms used to
describe the arrangement, did not state it quite as favorably to the
validity of the transfer. And as he was the person affected by the
evidence, there can be no impropriety in adopting his own statement
as the truth.

Before the transfer of the check to him, the drawer, Lawrence R.
Jerome, drew from the bank all the money he had in it on deposit
except fifty-three cents.

At the close of the plaintiff's case the defendant moved for a
nonsuit, for the reason that the action had not been commenced
within six years after the right to maintain it had accrued. This
motion was denied, but the referee finally reported in the defend-
ant's favor. And that appears to have been done upon the ground
that the drawer's account had been reduced to the small balance
already mentioned, with the assent of the payee and probably for
her benefit, and the great lapse of time intervening between the
certifying and transfer of the check. It is not necessary to deter-
mine whether the referee rightly denied the motion for a nonsuit,
nor whether he was correct in treating the check as dishonored
when the plaintiff received it. For if he was not a *bona fide* holder
under the evidence given and the facts formed, the conclusion of
the referee cannot be disturbed, because the reason assigned in sup-
port of it may, upon further examination, prove to be unsound.
A correct decision is not to be reversed because the reason upon
which it may have been placed, may prove to be untenable. *Mun-
roe* v. *Potter*, 22 How. 49 ; *Holtisinger* v. *Corn Exchange Bank*, 37
id. 203, 206 ; *McGregor* v. *Buell*, 1 Keyes, 153, 155, 156.

That the plaintiff did receive the check, subject to all legal and
equitable defenses against it in the hands of Catherine H. Jerome,
as it was found he did by the referee, is quite apparent from the
evidence given by himself as a witness upon the trial. His evi-

dence was that he sold Lawrence R. Jerome one six-hundredth interest in the profits resulting from a patent for exploiting oxygen gas. No interest in the patent was transferred, and it was not represented by any stock. But as the plaintiff in terms described it, it was merely his "personal engagement to account to him for one six-hundredth part of the profits," if any. And whether there ever might be any profits whatever arising out of the invention remained in a state of uncertainty; for he stated that the patent had not been tested in this country, but it had in Europe, and what the result was of the test made of it there was not made to appear. The only consideration under this state of the evidence, which Lawrence R. Jerome received for the check, was the executory agreement of the plaintiff to pay over this small share, of the profits of the patent, in case any should ever be realized from it. This was not the advancement of any thing on the faith of the check, but simply a contingent agreement to make an advance at some future uncertain period of time; and it was not shown that it ever had been followed by the payment of even a single cent upon it. The plaintiff parted with nothing whatever for the check, and if he fails to collect it from the defendant, he will be no worse off in consequence of having received it. Such a failure will deprive the promise he made of the consideration which existed for making it, and, as a necessary consequence, terminate his liability upon it. He can lose nothing, therefore, even if the check should prove uncollectible in his hands; and as long as that appears to be the case, he cannot be protected as a *bona fide* holder of it for value. To entitle him to that protection, the evidence should show him to have parted with something of value as the consideration for which the check was received, while that which was given on the trial simply showed that he had contingently agreed to pay value for it, but never had actually done that.

In the case of *Fulton Bank* v. *Phœnix Bank*, 1 Hall, 562, it was held that receiving negotiable paper by a bank and simply placing it to the credit of the person from whom it was taken, was not parting with value for it, so as to enable the bank to hold it against the rights of the real owner. The same thing was also maintained in the case of *Clark* v. *Ely*, 2 Sandf. Ch. 166, and *Clark Nat. Bank* v. *Bank of Albion*, 52 Barb. 592. And for the reason upon which this rule has been established, where partial value only appears to have been parted with, upon the faith and transfer of

commercial paper, the right of the holder to recover upon it has been restricted to the amount of such value. *Williams* v. *Smith*, 2 Hill, 301; *Cardwell* v. *Hicks*, 37 Barb. 458; (cited approvingly in *Lawrance* v. *Clark*, 36 N. Y. 128, 130); *Stalker* v. *McDouald* v. 6 Hill, 93, 96; 1 Pars. on Bills and Notes, 191, and cases cited in note *l; Huff* v. *Wagner*, 63 Barb. 215; *Wintle* v. *Crowther*, 1 Crompt. & Jervis, 316; *Weaver* v. *Barden*, 49 N. Y. 286.

This application of the principle, as well as the authorities supporting it, seemed to have been overlooked in the case of *Park Bank* v. *Watson*, 42 N. Y. 490; but in view of the more recent support accorded to it by the same court, in the preceding case cited, that case may safely be regarded as substantially overruled. Still, as this case requires no such conclusion to support the position that the plaintiff was not shown to be a holder of the check in controversy for value, it is not necessary to definitively decide that point in the present instance.

The question is therefore presented whether Catherine H. Jerome could have recovered the amount of the check from the defendant if she had endeavored to do so at the time when it was delivered to the plaintiff. For if she could not, then the plaintiff himself must fail because he stands in the same situation as long as he received it without paying any thing of value for it.

By certifying the check the defendant obligated itself to hold so much of the drawer's credit or funds as might be required for that purpose for its payment when it should be presented. *Farm. & Mech. Bank* v. *Butch. & Drov. Bank*, 14 N.Y. 623 ; S. C., 16 id. 125; and 28 id. 425 ; *Meads* v. *Merchants' Bank of Albany*, 25 id. 143 ; *Merchants' Bank* v. *State Bank*, 10 Wall. 604. While she held and owned the check she possessed the right to have that credit, and those funds applied to its payment whenever she elected to require that to be done. And without her consent and authority the defendant could not divert or apply them to any other purpose. But if she consented that a different application or disposition should be made of them and it was accordingly done, after that she could not consistently claim payment of the check. For that would secure to her the full benefit of all that might otherwise be required upon the check, but in a different manner. She was entitled to $2,500 out of her husband's account, by means of the check and its acceptance and to nothing more than that. And if that has been secured to her in an indirect manner, the effect will be

the same as though it had been done by means of the immediate instrumentality of the check itself. That it was so secured was found as a fact by the referee, and may readily be inferred from the evidence. For the money was all drawn out by her husband while he was her general agent and acting in her behalf. That it was designed to be under his complete control is apparent from the circumstances that he was her agent, that when he carried on business it was in her name, that the check was returned to him soon after its delivery to her and remained among their joint papers without any attention to it on the part of either of them until it had been forgotten and the money due upon it had been received and used by him through other instrumentalities.

These facts warranted the conclusion deduced from them by the referee, that Catherine H. Jerome had assented to her husband drawing out of the bank and using the money he there had on deposit for her benefit to pay the check. It was a diversion of it for his or their joint benefit with her implied consent and authority. And after that it would be morally as well as legally unjust to allow her to enforce payment of the same amount again, because the check itself had been inadvertently left outstanding.

The judgment against the plaintiff was for these reasons entirely right, and it should therefore be affirmed, with costs.

*Judgment affirmed.*