## SUPREME COURT.

JOHN H. PLATT, assignee in bankruptcy of the Stuyvesant Bank, agt. ASAHEL CHAPIN and others.

### Bona fide holder for value.

The Stuyvesant Bank, just before its failure, received on deposit an accommodation check drawn by the defendants upon the Sixth National Bank. The Stuyvesant Bank gave credit therefor on its books to the payees thereof, who deposited it. The Sixth National Bank declined to honor the check, which afterward passed into the plaintiff's hands, as assignee in bankruptcy of the Stuyvesant Bank.

Held, that the Stuyvesant Bank did not become bona fide holders of the check for value, and that its assignee had no right of action upon it against the accommodation drawers.

Tried at New York Circuit, May, 1875, without a jury ; decided July, 1875.

TRIAL by court without a jury upon a written stipulation admitting the facts.

Waldo Hutchins, for plaintiff.

Geo. W. McAdam, for defendant.

WESTBROOK, J. — The stipulation between the attorneys admits that the defendants, on the 12th day of October, 1871, made their check for the sum of $1,690, on the Sixth National Bank, payable to the order of Weston & Schlichting.

The check was made for the accommodation of the payees, who paid nothing therefor, and who having received it deposited it in the Stuyvesant Bank, duly indorsed by them, the

Platt agt. Chapin.

bank crediting them upon its books with the amount thereof. The payees, however, did not draw against the check, and on the day of its deposit the bank stopped payment and was afterward adjudged a bankrupt and the plaintiff appointed its receiver, who now brings a suit upon the check. The statement of the case would seem to be conclusive argument against the right to recover. The bankrupt institution which the plaintiff represents has never parted with a cent, and if a recovery is to be had it is upon the technical ground that the valueless credit it gave upon the books to the payees of the check made it a *bona fide* holder of the instrument.

It is conceded that the deposit and credit gave the depositors a right of action against the bank, but that question is not the one to be determined. The point is, did the credit to the depositors — from which they derived no benefit — make the bank the holder for value so as to recover against the makers? The payees clearly could not recover, and is the assignee of the bank in any better position?

If the institution which the plaintiff represents could be called a holder for value, it would be by the substitution of names for things. It has in fact parted with nothing, and the credit it gave the payees represents really nothing.

Without the citation of any authority, and as an original question, I should hold that the bank having parted with no value for the check is in no better position to maintain the action than the payees thereof. The exact question is, however, decided in the *Fulton Bank* agt. *Phenix Bank* (1 *Hall*, 562). The defendants are entitled to judgment.

Judgment accordingly.