THE CENTRAL NATIONAL BANK OF THE CITY OF NEW YORK, Respondent, *v.* DAVID VALENTINE, TIERNAN WILSON AND HENRY E. KNIGHT, Appellants, Impleaded with others.

18 417
80 259

*Merely giving credit on its books for a note discounted — does not constitute the bank a holder for value.*

The mere discounting of a note and giving a party credit on the books of the bank for the amount thereof does not constitute the bank a holder for value.

Appeal by the defendants Valentine, Wilson & Knight from a judgment entered in favor of the plaintiff after a trial at the circuit, before the court without a jury. The action was brought against the firm of Macy & Co. as makers, and the appellants, Valentine, Wilson & Knight together with one Frederick H. Macy and William H. Wing as alleged co-partners under the firm name of Macy, Valentine & Co., alleged indorsers of certain promissory notes of the amount in the aggregate of $6,904.53.

*Carker & Eaton*, for the appellants.

*A. P. Whitehead*, for the respondent.

Ingalls, J.:

The firm of Macy & Co. made the notes in suit, each for the sum of $2,300. One dated June 20, 1876, another July 1, 1876, and the other February 12, 1876, payable to the order of Macy, Valentine & Co. The notes were indorsed in the name of the last mentioned firm, by Frederick A. Macy, who had been a member of such firm. Prior to the execution of the notes, the firm of Macy, Valentine & Co. had been dissolved. The plaintiff having had dealings with said firm previous to its dissolution was entitled to actual notice thereof previous to receiving the notes, in order to be affected by such dissolution. (*Austin* v. *Holland*, 69 N. Y., 572.)

No such notice was established upon the trial, and we are,

therefore, to inquire whether the plaintiff became a *bona fide* holder of the notes for value? The plaintiff, by its president, discounted the notes and gave the makers credit on the books of the bank for the amount, no money was actually paid, or thing of value parted with by the plaintiff, upon the strength of the indorsement or the discount. Under such circumstances the plaintiff cannot be regarded the *bona fide* holder of said notes for *value*, as we understand the law as settled by the adjudications upon that subject. The mere giving of credit by entering the amount on the books, and not actually parting with a dollar upon the strength of the indorsement, cannot be regarded parting with value in the sense which the law contemplates. The parties in whose favor the credit was given might never draw or appropriate any portion of the fund. (*Fulton Bank* v. *Phœnix Bank*, 1 Hall, 562; *Clark* v. *Ely*, 2 Sandf. Ch. Rep., 166; *West* v. *Exchange Bank*, 44 Barb., 175; *Platt* v. *Chapin*, 49 How., 318; *Garland* v. *Salem Bank*, 9 Mass., 408; *McBride* v. *Farmers Bank*, 26 N. Y., 454; *The A. Exchange Bank* v. *Corliss*, 46 Barb., 19.)

The judgment must be reversed and a new trial ordered, with costs to abide the event of the action.

BRADY, P. J., concurred.

Present — BRADY, P. J., and INGALLS, J.

Judgment reversed and new trial ordered, with costs to abide the event.