Pitshke, J.
The answer distinctly sets up that the transfer unto the plaintiff of the notes in suit, though before maturity, was not for value; and the indorsement by Jacobs was solely for the makers accommodation, for which Mr. Jacobs received no consideration whatever. If the *153 plaintiff is not an indorsee for a valuable consideration, the ■question as regards his having had notice of the averred “ diversion ” of said notes becomes immaterial; for if not •such an indorsee, he stands just where his transferor stood. That is the whole of this case—even were the plaintiff a transferee without notice of any diversion of said paper.
It must be kept in mind that Ives was not an indorsee ■directly from Jacobs, but from the “ payee ” (Lindau) of the notes. Jacobs’ indorsement was upon the notes before the “ maker,” Lindau, delivered them; that is, Jacobs indorsed each note before its payee did so.
1. Defendant Jacobs, therefore, was prima facie a second indorser only; that is, presumably, subsequent to the indorsement over of each note by the payee unto plaintiff (Phelps v. Vischer, 50 N. Y. 69). Hence evidence dehors ■each instrument would be requisite to enable this plaintiff (as the payee’s successor) to recover, if not an “ indorsee for value without notice” (Lester v. Paine, 39. Barb. 616; Ellis v. Brown, 6 Id. 282). The “ payee ” is presumptively to become the first indorser, so that Jacobs (as indorser before delivery) is necessarily the next succeeding indorser, against whom ordinarily no suit can be brought by a preceding indorser. Therefore, there must be parol proof that such indorsement was made to get the “maker” of thé note credit (Coulter v. Richmond, 59 N. Y. 478; Jaffray v. Brown, 74 Id. 393). The transferees from the payee, in order to recover from Jacobs as such indorser before delivery and presumptive “ second indorser,” must rebut such presumption by pleading (as well as proving) facts .showing that the indorser Jacobs indorsed the notes to give the maker “ credit,” with the knowledge and on the understanding that in the hands of the plaintiff thereon each such note was to be a valid obligation against such indorser Jacobs (MacTeague v. James, 2 City Ct. Rep. 52; Moore v. Cross, 19 N. Y. 227; Bacon v. Burnham, 37 Id. 614; Coulter v. Richmond, 59 Id. 478). The complaint herein *154 contains no such allegations, and therefore exhibits no-cause of action.
2. Mr. Jacobs was entitled to treat the present indorsements herein as undelivered and invalid, until the surrender and return to him of his outstanding indorsements on the previous notes, whereof the notes in suit were in renewal';. Lindau (as both “maker” and “ payee, to his own order”) meanwhile possessed such present indorsements simply in trust, or in a sort of escrow, and as fiduciary holder (Chitty on Bills, 210, 248; Jones v. Fort, 9 B. & C. 764; Baker v. N. Y. Nat’l. Ex. Bk., 100 N. Y. 31; and see Comstock v. Hier, 73 Id. 277).
If a note, indorsed for the accommodation of the maker,, is “diverted” from the purpose for which it was left with-the maker, and so is fraudulently put in circulation, there-can be no recovery against such accommodation-indorser, without proof that the holder received it “bona fide” and paid for it a valuable consideration (Moore v. Ryder, 65 N. Y. 438, 441; Farmers’ and Citizens’ Nat. B’k. v. Noxon, 45 Id. 762, 765; Wardell v. Howell, 9 Wend. 172; Cardwell v. Hicks, 37 Barb. 458; Ocean B’k v. Dill, 39 Id. 577, 580; Weaver v. Barden, 49 N. Y. 286, 293, 294). And one who receives a negotiable note for a “precedent” debt,.takes it subject to all equities existing between the original parties (Rosa v. Brotherson, 10 Wend. 86; Stalker v. McDonald, 6 Hill, 93, 100).
The present notes were indorsed for the purpose of taking up other notes. The present plaintiff parted with nothing upon the strength of the notes, but merely sold to-his transferor (Breck) on general account a bill of merchandise, accepting the said notes in part payment; and lie,, therefore, took the notes (according to Break’s testimony} for a “ precedent ” debt.
3. It is a good defense in a renewal-note (like the •ones in suit), that the former note has not been returned (Miller v. Ritz, 3 E. D. Smith, 253). And the common pleas general term, in Beauford v. Patterson (63 How. Pr. *155 81), reiterated that decision, and further held that the statement and proof that the note was lost at the time would be no excuse. Even an offer to surrender the old notes at the trial would have been insufficient—in view of the wrongful transfer of the paper (Ocean Bank v. Dill, 39 Barb. 579). To like effect, that non-surrender of the antecedent note is a ‘1 diversion,” defeating any recovery (Wardell v. Howell, 9 Wend. 172). But on this point Nickerson v. Ruger, (76 N. Y. 279), is decisive of the present case. There (as herein), a renewal-note (at p. 282), delivered for accommodation, was deemed “ diverted,” by not being used to take up the precedent note; and held, (Danfobth, J.) the “ b;urden of proof” is on the plaintiff to show he is a bona-fide holder, for value, though 'presumably without notice, and (p. 284) “if the note was thus diverted, the jury must determine to what extent the plaintiff has paid value for it—for only to that extent can the plaintiff recover, and not for that even if defendant could affect him with notice ” (See Dalrymple v. Hildebrand, 62 N. Y. 5).
4. The plaintiff entirely failed to establish he was a. “bona-fide holder,” as indorsee. The burden of proof rests-upon the indorsee to show that he took the particular note bona-fide and for a valuable consideration (Ordiorne v. Woodman, 39 N. H. 541). That is to say, proof of a diversion of commercial paper from the purpose for which it was delivered casts on the holder of it the “onus” of establishing that liéis a bona-fide holder, or has succeeded to the rights of such a holder (Farmers’ & Citizens’ Nat. Bank v. Noxon, 45 N. Y. 765 and 762; Benedict v. Degroot, 3 Trans. App. 66).
The burden is not on the defendant to impeach the-plaintiff’s title ; but when there is proof of a fraud or diversion, concerning the note or its indorsement or delivery, the plaintiff must prove he gave value for the note and also the-manner in which he took it. A plaintiff suing upon a negotiable note or bill, acquired before maturity, is in the first instance presumed to be a bona-fide holder; but when the maker (or indorser) has shown that the note (or indorse *156 ment) was fraudulently or wrongfully obtained or so used, *lie plaintiff then has to show under what circumstances and for what value he became the holder (First Nat. Bank v. Green, 43 N. Y. 300, 301). The law on this subject is plainly collated in Comstock v. Hier (73 N. Y. 273, 274), in the following language: “ When a bill or note is void in its creation, or has been unduly obtained or has been wrongfully diverted from its purpose and fraudulently negotiated, the party suing on it is bound to show himself to be a bdnafide possessor. The affirmative is with the plaintiff in an action upon such a note to prove a clear legal title valid as against the parties to the instrument. One who receives it after due or with notice of the circumstances under and purposes- for which it was made, although he pays a valuable consideration, is not a bona-fide holder. One who receives it before due, and without notice or knowledge of any fraud in its inception or transfer, but for a precedent debt, takes it subject to all its infirmities .... But when ¡[like the notes herein] a note is made and indorsed to take •up another note to which the indorser is a party, its use is not a matter of indifference to the indorser; and, if diverted, he may defend himself except as against a bonafide holder for value.”
5. The maker, indorser and payee of the notes in suit herein clearly proved, by uncontradicted evidence, a “ diversion ” and “ unauthorized transfer ” of said notes, as against the accommodation-indorser, Jacobs. And on plaintiff’s p.art no testimony was given, except of the receipt by him •of such notes in partial payment of an' indebtedness created ■on a sale of merchandise. That was not enough. It was requisite, upon plaintiff’s part, to show that he, as holder, had parted with value for the notes and on the faith of them; which is a case entirely different from the acceptance -of such notes for property previously sold to the transferor •of the notes (Grocers’ Bank v. Penfield, 69 N. Y. 502, 505). Indeed the plaintiff, though within the jurisdiction, utterly neglected to appear on the trial and testify, as he should *157 have done. These notes, on their face, portrayed that Jacobs-was but an irregular and accommodation indorser, and the-plaintiff thereby was put on his inquiry as to the particulars •of the indorsement (Phelps v. Vischer, 50 N. Y. at p. 74). And, as Jacobs claims, the plaintiff" or holder accordingly called upon Jacobs, who duly informed him of the conditions of said indorsement, previous to plaintiff’s acceptance-of the paper in question. That alone would bar a recovery by plaintiff Ives (Crandall v. Vickery, 45 Barb. 156).
The testimony is clear that these notes were only given-unto plaintiff in payment of goods bought of Mr. Ives, the-plaintiff, and that this was simply an ordinary transaction also, that plaintiff’s transferor, at the time, owed to-plaintiff something further, “ a month’s indebtedness”—i. e.,. an account summing up a month dr so—besides those goods which were delivered immediately. Upon all this, said notes were received in partial payment—that is, for a- “ precedent ” debt.
6. The purchaser of the merchandise became, by his-purchase, generally liable for the value or price of the-articles; that created at once an indebtedness from such vendee unto plaintiff Ives, in addition to the said month’s-indebtedness, upon which aggregate the notes were taken, pro tanto. Consequently, said notes were accepted wholly for an “ already arisen ’’ indebtedness; and hence, the-plaintiff cannot maintain this action as tried against Jacobs, the accommodation-indorser.
The law of this State is : “ Prior equities of antecedent parties to negotiable paper, transferred in fraud of their rights, will prevail against an indorsee who has received it merely as payment for a precedent debt, "there being no evidence of an Intention to recbive the paper in absolute discharge and satisfaction, beyond what may be inferred from the ordinary transaction of accepting or receipting it in payment, or crediting it on account. The law regards the payment under such circumstances as conditional only, and the-right of the creditor to proceed upon the original indebted *158 •ness, after the maturity of the paper, is unimpaired ” (Phenix Ins. Co. v. Church, 81 N. Y. 221, citing numerous authorities).
7. The notes were made by Lindau to his own order»with Jacobs as indorser thereon before their delivery. Lindau passed and indorsed these notes over to Breck, who transferred them, as above mentioned, to plaintiff. The chain of -deliveries is, therefore: Lindau, as maker and payee, to Breck, and thence immediately to Ives, plaintiff Jacobs was outside of that chain and never delivered the notes; and that made him an accommodaton-indorser only, before delivery, right upon the face of the transaction between Breck and Ives, in which Mr. Ives acquired the notes—who thereby necesarily had knowledge that Jacobs was but an accommodationindorser, and that the notes, if misused and diverted as aforesaid, had against the said Jacobs no validity in plaintiff’s hands, as received in mere payment for property sold. This was evident from the very form of the notes, taken by plaintiff from Breck and not from Jacobs, the apparent “second” indorser thereof.
It follows the complaint is, therefore, insufficient, as above shown : furthermore, the plaintiff did not prove that he paid anything for this diverted paper, now sued on—for only for that value by him parted with on the faith of such paper, could he claim to recover (Huff v Wagner, 63 Barb. 215; and Nickerson v. Ruger, 76 N. Y. 284). There must, hence, be an amended complaint herein, and a new trial granted thereupon.
The verdict rendered is set aside; and the plaintiff has liberty to amend his complaint within twenty days and without costs, in which event a new trial will be ordered thereon upon the plaintiff’s motion, showing a proper amendment; and in default of any such amendment, the complaint herein is dismissed as against defendant Jacobs, with taxable costs and disbursements in favor of defendant Jacobs.