ROBERT R. MECUM, Plaintiff in Error, *v.* THE PEORIA AND OQUAWKA RAILROAD COMPANY, Defendant in Error.

### ERROR TO PEORIA.

If there are dependent covenants in an agreement, by which one party is to convey land, and the other to make fences, cattle guards, passes, etc., if the conveyance has not been made, the party cannot recover for the omission to build the fences, cattle guards, etc. These duties are co-relative.

Courts will not hold covenants to be independent, where one party may refuse, and yet enforce performance; unless there is no other way of construing them.

IN this case there was a trial by jury, POWELL, Judge, presiding. The jury found for Mecum, plaintiff below, the amount of the note sued on, in connection with the agreement set out in the opinion of the court. Upon this verdict a judgment was rendered. Mecum moved for a new trial, which motion was overruled. The plaintiff below, as well as in this court, assigned the following errors:

1. The finding and judgment of the court for the plaintiff are for $745.10; whereas the finding and judgment of the court ought to have been for $1,262.37 for the plaintiff.

2. The court erred in overruling the motion of the plaintiff for a new trial.

3. The records and proceedings aforesaid are otherwise manifestly irregular and contrary to the law of the land.

CHARLES C. BONNEY, for Plaintiff in Error.

N. H. PURPLE, for Defendant in Error.

CATON, C. J. The declaration in this case counts on the following agreement and the note made in pursuance of it:

" This Agreement, made October 9th, 1854, between Robert R. Mecum of the one part, and the Peoria and Oquawka Railroad Company of the other part, witnesseth as follows:

" The said Mecum hereby agrees, in consideration of the premises on the part of the said company hereafter made, that he will give and grant to said company the right of way for their railroad over and across the north-east quarter of section thirty-six, and twenty acres off the east side of north-west quarter of said section, in township eleven north, one west, in Warren county, Illinois, of the width of fifty feet, and of so much greater width not exceeding one hundred feet as may be necessary for the purpose of constructing their said road.

" And the said company on their part agree, in consideration of the premises, that they will make and keep in repair on both

sides of said road a sufficient fence, as soon as practicable after the commencement of running the trains across said land—not exceeding twelve months; that they will make cattle guards where the road enters upon and leaves said land; that they will make two cattle passes over said road, and that they will pay to said Mecum the sum of six hundred dollars, one hundred dollars of which shall be paid by the construction of a cattle pass under said road at the large slough across which the same passes, and five hundred dollars remaining to be paid by the note of said company, due in one year, with interest, with the privilege to said Mecum to take five shares of stock in said company in lieu of said five hundred dollars and interest, if he elects to do so at any time before said note is due.

" This contract and agreement to be binding and obligatory upon both the parties aforesaid, if approved by the board of directors of said company, else to be void."

The case was tried on an agreed state of facts as follows:

" The board of directors of said railroad company approved the contract set out in the declaration, on the 10th day of October, 1854. The defendants took the right of way mentioned in said contract, at or about the date of said contract, and have ever since held, used and run their trains of cars across the same. The defendants have not paid the note declared on. The defendants have never built the fences, passes and cattle guards specified in said contract, or any or either of them; nor has the plaintiff built the same. The cost and value of such fences, passes and cattle guards is six hundred and sixty-three (663) dollars. The plaintiff has not shown any *special damage* other than the loss of the land which the defendants have taken, and the necessary division of his farm thereby. The plaintiff is entitled to verdict and judgment for the amount of the note declared on and interest. The only question in the case is, whether the plaintiff ought to recover, in addition thereto, the cost and value of such fences, passes and cattle guards."

The court below rendered judgment for the amount of the note, but refused to compute the damages sustained by reason of the non-fulfillment of the undertakings, contained in the agreement on the part of the railroad company.

In this we think the court was right. The agreement itself did not convey the title to the land to the company. It was but an agreement to convey. By the terms of the agreement, until the land was conveyed, the duty did not arise on the part of the company to perform the stipulations on their part contained in the agreement. If they chose to give the note before the conveyance, very well;—they must be bound by it, but that did not create the duty to fulfill the other stipulations. Mecum, in con-

sideration of the premises, agreed to convey the land, and the company " in consideration of the premises " agreed to make fences, cattle guards, etc., as well as to give the note. These undertakings are dependent and neither can complain of the other till he has performed on his part. In consideration of the premises, that is the conveyance of the land, the company agreed to do the specified acts. He could not convey the land to another or retain the title himself and still compel the company to perform. The question presented now is the same as if he had refused to convey or had even conveyed to another, of whom the company would have again to purchase it. Courts will not and ought not to construe covenants and agreements independent, where one party may refuse to perform and still enforce performance by the other, unless there is no other mode of construing the instrument—unless it clearly appears, that such was the deliberate intention of the contracting parties, at the time the instrument was executed. In such a case courts of law must enforce it, however unjust and oppressive it may be, and the party if he has any remedy must seek it in a court of equity. In this case however, we have no trouble of that sort. There is nothing to show that the intention was that one party could neglect or refuse to perform and still sue the other for non-performance.

The judgment must be affirmed.

*Judgment affirmed.*