The Ocean Bank *v.* Dill.

---

## THE OCEAN BANK *vs.* DILL.

Where promisory notes, made and indorsed by D. & D. without any consideration whatever, as accommodation paper for S., to enable him to take up and renew other notes previously made and indorsed by D. & D. for his benefit, were delivered for that purpose to S. who diverted them from that purpose and transferred them to a bank, upon its agreement to surrender and give back to him certain notes of S. then held by the bank; but the bank afterwards refused to give up the notes of S. and claimed to hold the notes of D. & D. as general collateral security for the debt of S.; *Held* that no action could be maintained by the bank upon the accommodation notes.

APPEAL from a judgment entered at the circuit, on a trial before the court without a jury, and from an order subsequently made, at special term, denying the defendant's motion for a new trial. The action was brought upon two promissory notes, in the words and figures following:

"$636$\frac{17}{100}$.                    *New York, April 13th*, 1861.

Four months after date I promise to pay to the order of John Dill, Esq. six hundred and thirty-six $\frac{17}{100}$ dollars, value received, at the Merchants' Exchange Bank.

W. R. DILL,

[*Indorsed*]          John Dill.

$675$\frac{12}{100}$.                    *New York, April 15th*, 1861,

Six months after date I promise to pay to the order of John Dill, Esq. six hundred and seventy-five $\frac{12}{100}$ dollars, value received, at the Merchants' Exchange Bank.

W. R. DILL."

[*Indorsed*]          John Dill.

On the trial the making and indorsement of the notes, and the mailing of notice of non-payment to the indorser, were admitted. William R. Dill was examined as a witness, and testified that he was the maker of the notes in suit; that the defendant, John Dill, was his father; that the notes were entirely without consideration—accommodation notes delivered to James L. Schott, for the purpose of taking up other notes of the same character, made and indorsed for him by the witness and his father. James L. Schott testified: "I applied for the indorsement of these notes; I applied to both the maker and indorser and obtained the notes; they were without consideration, purely accommodation; neither of the Dills was indebted to me at the time; I handed the notes to Lucien D. Coman, who held some notes of mine that were past due; he agreed to give me back five notes of mine; this was, I think, a day or two after the date of the notes in suit—the latter part of April, 1861; I never got those five notes back; there was no other consideration for the transfer to Coman, except his agreement to give them back; two of these notes were for $400 each, and the balance in the neighborhood of $300." At the close of the testimony the court stated that judgment must be given for the plaintiff, for want of sufficient proof that the defendant was liable on the notes

intended to have been taken up with the notes in suit. The counsel for the defendant offered to produce the notes in question, and re-call and re-examine the witnesses to that point; but the court refused permission to do so. The court thereupon found and decided as matters of fact: 1. That the notes on which this action is brought were made by William R. Dill, the son of the defendant, John Dill, indorsed by said John Dill, duly protested for non-payment, and the indorser duly served with notice thereof. 2. That the said notes were so made and indorsed without any consideration whatever, as accomodation paper for James L. Schott, and as W. R. Dill alleged, for the purpose of taking up and renewing other notes before that time made by the said William R. Dill, and were delivered for that purpose to Schott. 3. That the said James L. Schott diverted the notes from the purpose aforesaid, and the same were, on the 17th day of May, 1861, received by the plaintiffs and entered in their accounts as collateral security for indebtedness of the said James L. Schott, to the said plaintiff, already existing, and consisting of promissory notes wholly unsecured. 4. That the plaintiff did not pay or give any new consideration for the transfer of the notes in suit, except forbearance as to time. It did not renew any of the notes of said Schott held by the bank at the time of the transfer, but said notes still remain in possession of the bank, and they were produced, at the trial, and offered to be surrendered. And the court therefore as matter of law adjudged and determined that the plaintiffs were entitled to judgment against the defendant for the sum of $1253.02 and costs.

*Waters & Cushman,* for the appellant.

*W. A. Coursen,* for the respondent.

*By the Court,* MULLIN, J. The defendant is the accommodation indorser of the notes in question. There was no consideration for either the making or indorsing said notes. They were made and indorsed to renew other notes, but

neither the defendant nor his son were parties to the notes to be renewed by the notes in suit.

Schott, who procured the notes in suit to be made and indorsed, was indebted to the plaintiff on five notes then held by the plaintiff. Coman acted for the bank, and called on Schott to give new notes in lieu of those held by the bank. Five small notes were given, and Schott, after procuring the notes in suit, presented them to Coman in satisfaction of an equal amount of his own notes held by the bank. On consultation between Coman and the president of the bank it was concluded to discount the notes in question and surrender the notes of Schott. The notes in suit were accordingly entered on the books of the bank, but no notes were ever surrendered to Schott. They were entered on the books as held as general collateral security for the account of Schott. The notes were not received on any such arrangement. The notes of Schott are retained by the bank, and thus the notes were and are without consideration. Had the notes of Schott been surrendered, or had the notes been received by the bank upon any other valuable consideration, I do not think the defendant would have had any defense. But the only consideration was the surrender of the notes, and no such surrender was made before suit brought.

The justice before whom the cause was tried finds there was no consideration for the transfer to the bank, unless it was forbearance to sue. No such consideration is alluded to by any witness, and no such consideration can be presumed.

The bank attempts to hold the indorsement of the defendant as collateral security for the debt of another, although the agreement by which the bank obtained it was that it should be taken in payment. The law will not lend its aid to accomplish any such purpose.

I am therefore of opinion that the judgment should be reversed and a new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, May 4, 1863. *Sutherland, Clerke* and *Mullin,* Justices.]