## WHITE v. DAY, EGBERT & FIDLAR.

**1. Contract:** FOR PUBLICATION OF BOOK: COPYRIGHT. Where by the terms of a contract for the publication of a book the author was to procure a copyright, for the benefit of the publishers, it was held that he could not maintain an action against them for a failure to publish the book in accordance with the contract without showing that he had deposited in the mail, addressed to the Librarian of Congress, a printed copy of the title, such act being required by the copyright laws precedent to the publication of the book.

*Appeal from Scott Circuit Court.*

SATURDAY, JUNE 11.

ACTION for damages for breach of a contract. One C. A. White, assignor of the plaintiff, delivered to the defendant a manuscript entitled, "A Manual of Physical Geography and Institutions of the State of Illinois," and entered into a written agreement with them that they should publish the book in a suitable form for the use of the schools of Illinois, and pay the said C. A. White ten per cent on the amount of sales. C. A. White, upon his part, agreed to procure a copyright in

his own name, which was to inure to the defendants. The petition sets out the contract and avers that the defendants have failed to publish the book; that damages have accrued by reason of the failure, to which the plaintiff has become entitled by assignment; but the petition does not aver that C. A. White has taken any steps to procure a copyright.

The defendants demurred to the petition, on the ground that it does not show a performance of the contract on the part of the plaintiff's assignor. The court sustained the demurrer, and the plaintiff standing by his petition judgment was rendered for the defendants. Plaintiff appeals.

*Herschl & Preston*, for appellant.

*Cook & Richman*, for appellee.

ADAMS, CH. J.   The statute provides that "no person shall be entitled to a copyright unless he shall, before publication, deposit in the mail a printed copy of the title of the book * * * for which he desires a copyright, addressed to the Librarian of Congress." 16 U. S. Statutes at Large, 213.   As a copyright was to be secured it certainly was not proper to publish the book in advance of the deposit in the mail of a printed copy of the title, addressed to the Librarian of Congress, for it appears that such publication would have defeated the right to a copyright.

1. CONTRACT: for publication of book: copyright.

The plaintiff claims, however, that before it was incumbent upon his assignor to make such deposit of a printed copy of the title, it was incumbent upon the defendants to supply him with the printed copy to be deposited. He claims that the printing of the title is a part of the printing which the defendants agreed to do in printing the book.

Doubtless when a book is printed the title printed in the book is a part of the book. But a title may be printed for some purpose other than as a part of the book, and such is the case contemplated by the statute.   We find nothing in

the contract from which we can say that the defendants were to print more than the book, and hence it appears to us that they were not bound to furnish the printed title for deposit.

The plaintiff insists, however, that the failure to make the required deposit of the printed title can be taken advantage of only by answer. But we think otherwise. The petition sets out a contract under which it was incumbent upon the plaintiff's assignor to do something before it was incumbent upon, or even proper for, the defendants to perform on their part. This appeared upon the face of the petition. In the absence of any averment that the plaintiff's assignor had performed what was necessary to be performed before the defendants could perform, it does not appear that the defendants were in fault.

The plaintiff further insists that the demurrer does not reach the precise point. The objection to the petition raised by the demurrer is that it does not show a performance of the contract on the part of the plaintiff's assignor. Now it is said that the contract on the part of the plaintiff's assignor was to procure a copyright, and that that could not be procured in advance of publication.

But in our opinion the contract to procure the copyright was a contract to take the different steps necessary for that purpose. While, therefore, it was not necessary to aver a complete performance on the part of the plaintiff's assignor, it was necessary to aver the performance of so much as was a condition precedent to the right to demand performance on the part of the defendants. The demurrer might, we think, have been more specific. But, as the petition is manifestly defective, and the demurrer was evidently understood and treated as raising the objection, we cannot sustain the appellant's position without taking a more technical view of the case than we feel justified in doing.

AFFIRMED.