## N. Y. COMMON PLEAS.

JOHN S. BEAUFORD, plaintiff and respondent, agt. THOMAS A. PATTERSON, defendant and appellant.

*Bills of exchange and promissory notes — Defense — Question for the jury.*

The defendant gave two notes in settlement of a past due bill of £125, upon the promise of the creditor to return the bill :

*Held,* following *Miller* agt. *Ritz* (3 *E. D. Smith,* 253), that the failure of the creditor to return the bill was a good defense to the new notes.

*Held,* also, that the fact that the plaintiff proved that the bill was lost at the time was no excuse, because it was a fraud not to have made the loss known at the time of receiving the new notes ; and *further,* that the question should have been submitted to the jury.

*General Term, January,* 1882.

*Before* VAN BRUNT *and* BEACH, *JJ.*

APPEAL from an order of the general term of the marine court, affirming a judgment rendered at the trial term thereof. The facts sufficiently appear in the following opinion.

*J. M. Bowers,* for appellant.

*L. Laflin Kellogg,* for respondent.

VAN BRUNT, *P. J.* — In May, 1876, the plaintiff claimed to be the holder of an obligation made by the defendant for £125 sterling, which was then due, and obtained from the defendant his two promissory notes of the date of May 12, 1876, in settlement of said obligation, and the contract between the parties was evidenced by the following receipt :

"NEW YORK, *May* 12, 1876.

"Received of Thomas A. Patterson, his two notes of this date, at nine and ten months after date, for $343.75 each, in settlement of his obligation for £125 (one hundred and twenty-five pounds sterling), and which I agree to return to him canceled.

(Signed.)  "J. S. BEAUFORD & CO.

"*In Sig.*"

The plaintiff failed to return the obligation for £125 to the defendant, and brought suit in the marine court upon one of the notes above mentioned, the same not having been paid at maturity. It appeared upon the trial of the cause that, at the time the notes were given, the plaintiff has reason to believe that the obligation for £125 was lost or mislaid or destroyed.

Evidence was also received, without objection upon the part of the plaintiff, that the undertaking to return depended upon the finding of the original note by the plaintiff upon his return home. The court, upon the trial, directed a verdict for the plaintiff, and refused to submit any questions to the jury, to which direction an exception was duly taken by the defendant. Upon appeal to the general term of the marine court the judgment was affirmed, and from such judgment of affirmance an appeal was taken to this court.

The identical question involved in this appeal has been decided by the general term of this court in the case of *Miller* agt. *Ritz* (3 *E. D. Smith*, 253), and in the opinion of the court in that case, the question is discussed upon a basis which, in our judgment, shows that a recovery cannot be had under the circumstances in this case.

It is true that in the case of *Catlin* agt. *Hanson* (1 *Duer*, 310), the same question was decided differently; but it is to be observed that the court, in their opinion, base their conclusion upon other questions and other circumstances which in no way relate to this question, and in consequence of the conclusion which they arrived at upon the other questions, this point was of no importance, and it appears from the opinions of the court in that case, that the statement which is in contradiction to the decision of the general term in this case, is a mere *dicta*, it not being considered by the other justices composing the general term, both of whom wrote opinions, and such opinion no where considers the point in support of the conclusion to which he had arrived, which are so ably presented by judge WOODRUFF.

Beauford agt. Patterson.

There is, however, another view of this case which is not considered by either of the opinions above mentioned. The receipt was the contract between the parties, and although it is claimed that the agreements were not mutual or conditional, yet it is a familiar rule of law that one party to a contract can compel another to perform his part of the contract, but he must show that he has performed all its conditions upon his part. In this case the plaintiff, by his contract having agreed to return this note, and although he failed so do, seeks to call upon the defendant to do that which he promised to do as part and parcel of the same agreement.

It is urged that the loss of the note releases the plaintiff in this action from a performance. That might have been true, if such loss had occurred subsequent to the making of his contract, which is evidenced by the receipt of May 12, 1876. But if knowing that that note was lost for the purpose of getting these new notes, he agreed to return the old, he was guilty of a fraud, and he should not be allowed to recover, even if the contract contained in the receipt did not express the true intent of the parties; but the agreement was that the note should be returned if it could be found.

That was a question which should have been submitted to the jury.

It is urged that the obligation for £125 is outlawed, and for that reason the failure to return that obligation cannot be a defense.

It is true that such obligation is outlawed as long as it remains in the limits of the city of New York, but if he is served with process in an action commenced in another state or county, the statute of limitation of the state of New York won't aid him to defeat a recovery, and if that note should turn up in the hands of some holder who had acquired it prior to the giving of these new notes, he would be required to pay it over again, notwithstanding he should pay the amount of this judgment. Therefore, it would seem, both upon principle and authority, that no recovery could be had if the receipt

expressed the contract between the parties, and consequently that if it did not express the contract between the parties, the defendant had the right to go to the jury upon the evidence as to what the true contract between the parties was.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

BEACH, J., concurs.