JOSEPHA STROHMEYER, Respondent, v. WILLIAM ZEPPENFELD *et al.*, Appellants.

St. Louis Court of Appeals, December 20, 1887.

1. COVENANTS, WHEN INDEPENDENT.—Where a lease contains covenants that the lessee shall pay taxes, and the lessor shall permit the removal of the lessee's improvements, these are independent covenants, and the lessee may enforce the lessor's undertaking, in equity, without showing payment of the taxes. (*Following Butler v. Manny*, 52 Mo. 497).

2. TAXES, MEANING OF COVENANT TO PAY.—The obligation of a covenant to pay taxes attaches at the time of the assessment.

3. CONSPIRACY, HOW PROVED.—Declarations by an alleged conspirator, not a party to the suit, are ordinarily not admissible without substantial evidence *aliunde* of the fact of conspiracy; unless they be in the nature of oral acts, or explanatory of some act done in furtherance of the conspiracy. But if made in presence of the adverse party, they may be considered in connection with other facts from which a conspiracy with such party may be inferred.

4. PRESUMPTION OF CONSPIRACY—FAILURE TO TESTIFY.—A presumption of conspiracy, when not wholly conclusive, may be materially strengthened by a failure of the party charged to testify in his own behalf as to facts peculiarly within his knowledge.

5. COSTS AGAINST NOMINAL PARTIES.—Defendants who are made such merely because they are *terre tenants*, and who have no substantial interest in the matter of equitable controversy, are not responsible for costs.

APPEAL from the St. Louis Circuit Court, HON. LEROY B. VALLIANT, Judge.

*Reversed and remanded, with directions.*

S. HERMAN, for the appellants: In a lease which provides that the tenant is to pay "all taxes, rates, and assessments whatsoever, which now are, or hereafter shall be, taxed, rated, or assessed against the demised premises, during the continuance of said term," as in this case, the tenant is compelled to pay taxes which are assessed during his term, although they are not payable until the year following. *Valle v. Fargo*, 1 Mo. App. 344; *Waterman v. Harkness*, 2 Mo. App. 494; *Doan v. Fallon*, 3 Mo. App. 596. To excuse non-performance of an express condition in a contract, it must appear that performance could not, by any means, have been accomplished. *Wheeler v. Ins. Co.*, 82 N. Y. 543; 1 Whart. on Cont., sec. 311, and cases cited; *Kramer v. Cook*, 7 Gray, 550. Before the declarations of conspirators can be received in evidence against each other, the fact of such conspiracy must be established with reasonable certainty. And even when the conspiracy is established, "the declarations of a conspirator, or accomplice, are receivable against his fellows, only when they are in themselves acts, or when they accompany or explain acts for which the others are responsible, but not when they are in the nature of narratives, descriptions, or subsequent confessions." 1 Taylor's Evid., secs. 590-5, pp. 525-9; *United States v. Gooding*, 12 Wheat. 469; *Reg. v. McKenna, Jr.*, Cir. Rep. 461.

W. ZEPPENFELD, appellant, *pro se:* The stipulation in the lease concerning removal of improvements was a mere allowance, and only good after all rent and taxes were paid by the lessee, and only good during the

term of lease; and, as already argued, respondent had not paid all the taxes, as she was obliged to pay, for to avail herself of the right of removal of the improvements in question during the stipulated time, therefore, she has forfeited said right. Moreover, the evidence and testimony in said case show that, from the expiration of said lease up to the trial of said case, the said improvements have occupied the lessor's ground, and that respondent has neither offered nor tendered to said lessor to pay any compensation of said lapse of overtime of occupation of said ground. *Kelly v. Glancy*, 15 Mo. App. 519. The judgment against R. W. Zeppenfeld for costs was erroneous. *Decker v. Lidwell*, 3 Mo. App. 586.

B. SCHNURMACHER, for the respondent: The courts do not favor forfeitures, and will not construe the language of parties to bring about a forfeiture when it is capable of a different interpretation. *Livingston v. Tompkins*, 4 Johns. Ch. 415; *Warner v. Bennett*, 31 Conn. 468; *Smith v. Jewett*, 40 N. H. 534. Where the petition distinctly charges fraud against a defendant, his unexplained failure to testify to his own innocence will raise a strong presumption against him, and this whether he was subpœnaed by the opposite party or not. *Maberry v. McClurg*, 74 Mo. 575; *Baldwin v. Whitcomb*, 71 Mo. 651, 658; *Cass County v. Green*, 66 Mo. 498, 512; *Eck v. Hatcher*, 58 Mo. 239; *Henderson v. Henderson*, 55 Mo. 539. The proof showed that the taxes could not be paid before the expiration of the lease. In equity, time is not of the essence of the contract, and it will relieve against a non-compliance with the terms as to time, where it would be inequitable for a party to take advantage of a forfeiture, and where the damage done by the default can be measured in money. *O'Fallon v. Kennerly*, 45 Mo. 124.

ROMBAUER, J., delivered the opinion of the court.
The plaintiff filed her bill in equity, stating, in sub-

stance, that she had been lessee of certain premises in
the city of St. Louis under a lease from defendant,
Robert Zeppenfeld, expiring July 24, 1885, and had
erected valuable improvements thereon ; that it was
provided in said lease that the lessee, having paid all
the rents and taxes agreed to be paid by her in said
lease, should have the right at its expiration to remove
all buildings, fences, and improvements thereon ; that
she fully paid all rents and taxes due under the terms
of her lease, and fully kept and performed all the cove-
nants and agreements upon her part to be kept and per-
formed ; that she had placed in possession of the
premises as sub-lessee one Mendenhall, whose term ex-
pired July 18, 1885, and that, at the expiration of
Mendenhall's term, she demanded the possession of
the premises from him, so as to be able to remove the
improvements before the expiration of her own term ;
that said Mendenhall, conspiring with the defendant,
Zeppenfeld, refused to surrender the premises, and she
was compelled to institute a suit of unlawful detainer
against him, in which she did not recover judgment
until long after July 24, 1885, the date of expiration of
her own lease ; that the defendants, Zeppenfelds, and
Mendenhall are insolvent.

The bill prayed for a decree authorizing the plain-
tiff to remove the improvements now, and for general
relief.

A number of errors are assigned by the defendants
appealing.   Of these it is necessary to consider two
only, as all the other assignments are mere amplifica-
tions.

The first is, that the decree is unwarranted by all the
evidence, regardless of the fact whether the evidence
was legal or not, and regardless of the fact whether there
was any evidence to establish the alleged conspiracy.
Under this head the defendants claim that the covenants
in the lease were dependent covenants, and that the
tenant could not insist on her right to remove the im-
provements unless she first proved the payment of all

taxes assessed on the property prior to the expiration of the term.

The lease under which plaintiff claims is one for a term commencing July 24, 1878, and ending July 24, 1885. It provides, among other things, that the lessee will well and truly pay or cause to be paid all taxes, rates and assessments whatever which now are, or shall hereafter be, taxed, rated, or assessed against said demised premises during the continuance of said term, and gives to the lessee the right of removal of improvements erected by her upon having duly paid all the rents and taxes hereinbefore stipulated.

The meaning of the covenant to pay taxes is clear. It means the payment of all taxes legally assessed against the premises prior to the expiration of the term, including taxes assessed prior thereto, but payable thereafter. *Waterman v. Harkness*, 2 Mo. App. 494.

The evidence in the case disclosed the fact that, on July 24, 1885, the taxes for 1885 and 1886 had been assessed on this property and remained unpaid at that date. The taxes for 1885 were subsequently paid by the plaintiff, August 17, 1885, but the taxes for 1886 were never paid by her, nor was any tender made of them, although the present action was not instituted until August 25, 1886. This fact the defendants claim is of itself fatal to the decree.

The English rule as to such covenants is, that, where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for the breach of it by the defendant without averring performance of covenants on plaintiff's part. American courts, as a general rule, are averse to holding that covenants in an instrument are independent of each other, unless such intention clearly appears by its terms, since it is manifestly unjust that one party should refuse to be bound, and yet be allowed to enforce performance against the other.

Taylor L. & T., sec. 265; *Mecum v. Railroad*, 21 Ill. 533. Whatever our own opinion may be as to the respective merits of these different views, we are bound to follow the rule as announced by our own Supreme Court, in *Butler v. Manny* (52 Mo. 497). It was there held that, when the tenants covenanted to pay all rents and taxes, and the landlord covenanted that, upon the covenants in the lease being performed by the lessees, he would, at the expiration of the lease, pay for all permanent improvements, the two covenants were independent, and that the tenants might maintain an action for the value of the improvements, even though they failed to show the payment of all taxes by them. It was further held in that case that a covenant to pay taxes means their payment when they become payable and not before.

Following the rule thus stated we hold that the non-payment of taxes prior to the expiration of the term is not a fatal objection to plaintiff's recovery.

The second point made by appellants is, that the evidence fails to show any conspiracy between the defendant, Zeppenfeld, and plaintiff's lessee, Mendenhall. The only oral evidence that has any bearing on this question consists of declarations of Mendenhall, made subsequent to the expiration of plaintiff's term, as to the reasons which actuated him in his refusal to surrender. Most of these declarations were made in the absence of defendants, and, unless there is substantial evidence of a conspiracy *aliunde*, the declarations thus made were clearly inadmissible.

Declarations made by parties who are not parties to a suit, to render them admissible on the theory that they were made by one engaged in a common conspiracy with the defendants, must be either in the nature of oral acts or explanatory of some act done in furtherance of the conspiracy. 1 Taylor' Evid., secs. 590, 595. This class of testimony stands on the same footing as declarations of agents. *United States v. Gooding*, 12 Wheaton, 470.

As the declarations of Mendenhall were made long subsequent to the expiration of plaintiff's term, and as he is no defendant to the present action, that part of the declarations, made in the absence of defendants, was, we conceive, inadmissible.

But it further appears that part of the statements made by him were made in the presence of the substantial defendants, and were statements from which, in connection with the facts hereinafter stated, a conspiracy was inferable.

It is in evidence that, July 24, 1885, on the very day when plaintiff's lease expired, the defendant, Moritz Zeppenfeld, executed a lease to Mendenhall for the premises, which contained the following extraordinary stipulations: The lease is conditioned upon Mendenhall taking possession on the day following, although Mendenhall was in possession already ; it is further conditioned that if he does take possession on said day and holds the premises for a month the lessor would build him a shed at his own cost, and his rent for the first month should be one dollar only. It then grants him an additional term of ten months at a rental of fifteen dollars per month, but only upon his "having complied with all conditions herein mentioned," one of which conditions is that neither he nor *anybody else* shall remove any of the improvements.

This, in connection with Mendenhall's subsequent declarations as to his tenure for a nominal rent, and his refusal to make timely surrender of the premises to plaintiff at the expiration of his own term, does furnish inferential evidence raising a presumption of a fraudulent combination between him and the substantial defendants, the object of which was to prevent plaintiff from removing her own improvements, such object to be accomplished by his wilfully holding over after the expiration of his own term.

This presumption is materially strengthened by an additional presumption arising from the failure of the defendants charged with the conspiracy to testify in

their own favor as to facts peculiarly within their knowledge. *Baldwin v. Whitcomb*, 71 Mo. 651; *Cass County v. Green*, 66 Mo. 498. Neither of these presumptions, of themselves, would have been sufficient perhaps to warrant a decree for plaintiff, but taken together they furnish substantial evidence in its support, and we are not warranted in vacating it. The fact that plaintiff's claim is eminently equitable, as she simply seeks to avoid a forfeiture caused by events practically beyond her control, furnishes another ground why, in a case of doubt, the decree should not be disturbed.

The decree of the lower court, however, must be set aside for another reason. The facts shown do not justify a judgment for costs against four of the defendants, one of whom is shown to be a married woman, and three of whom are mere *terre tenants*, not connected in any way with the conspiracy. The entry as to these is probably a mere clerical error, yet necessitates a reversal of the judgment.

Judgment reversed and cause remanded to the trial court with directions to reënter the decree with a judgment for costs against the three defendants first named only. All the judges concur.