## Ives v. Jacobs et al.

(City Court of New York, Trial Term. June 11, 1888.)

1. NEGOTIABLE INSTRUMENTS—ACCOMMODATION PAPER—INDORSEMENT BEFORE DELIVERY.

An indorser before delivery of an accommodation note is presumptively a second indorser, and an assignee of such note, in order to recover of him, must remove such presumption by pleading and proving that the indorsement was made to give the maker credit, with the knowledge and understanding that the indorser should be liable to plaintiff on the note.

2. SAME—ACCOMMODATION PAPER—DIVERSION FROM INTENDED USE—BONA FIDE HOLDER.

Where accommodation notes, indorsed before delivery, and delivered in trust to the maker by the indorser to be used for taking up other similar notes, are proved to have been diverted from that purpose, and assigned to a third person, who assigned to plaintiff, and the former notes are proved not to have been returned, the burden is then upon plaintiff to show that he is a *bona fide* holder for value; and he cannot recover upon proving merely that he took the notes in payment of a pre-existing debt.[1]

3. SAME—NOTICE TO HOLDER—LIABILITY OF INDORSER.

One who has taken a note payable to the order of the maker, with actual notice that the indorsement thereon was without consideration, and was made on condition that the notes be used for a particular purpose, for which they were not used, cannot recover from the indorser.

Motion to set aside verdict and for new trial.

The two promissory notes on which this action is brought, were delivered by Lindau (the maker and payee thereof) to one Breck, with Jacobs as prior indorser thereon, for accommodation and without consideration, and by Breck directly passed to the plaintiff, in payment of an indebtedness for merchandise sold by plaintiff unto Breck, and by him previously received. Mr. Lindau, owing money to Breck, had given to Breck, as collateral, his (Lindau's) notes, of three months each, with Jacobs' indorsement for Lindau's accommodation, to be held until Lindau could gradually pay them off, and to be renewed (again similarly indorsed) from time to time; and such indorsements were delivered to Lindau on the uncontradicted condition that he must not deliver them till he had the preceding notes back, also bearing Jacobs' indorsement. The plaintiff further sent, or went, to Jacobs for information, and the particulars of such existing condition were, on that occasion, made duly known by Jacobs. The last two notes, for which the notes sued on are renewals, were never surrendered by Breck or Ives. The plaintiff did not testify on the trial.

L. J. Grant, for plaintiff.    George M. Curtis, for defendant Jacobs.

PITSHKE, J. The answer distinctly sets up that the transfer unto the plaintiff of the notes in suit, though before maturity, was not for value, and the indorsement by Jacobs was solely for the maker's accommodation, for which Mr. Jacobs received no consideration whatever. If the plaintiff is not an indorsee for a valuable consideration, the question as regards his having had notice of the averred "diversion" of said notes becomes immaterial; for, if not such an indorsee, he stands just where his transferrer stood. That is the whole of this case, even were the plaintiff a transferee without notice of any diversion of said paper. It must be kept in mind that Ives was not an indorsee directly from Jacobs, but from the payee (Lindau) of the notes. Jacobs' indorsement was upon the notes before the maker (Lindau) delivered them; that is, Jacobs indorsed each note before its payee did so.

1. Defendant Jacobs, therefore, was *prima facie* a second indorser only; that is, presumably, subsequent to the indorsement over of each note by the payee unto plaintiff. *Phelps* v. *Vischer*, 50 N. Y. 69. Hence evidence *dehors* each instrument would be requisite to enable this plaintiff (as the payee's successor) to recover if not an "indorsee for value without notice." *Lester* v.

[1] See note at end of case.

*Paine,* 39 Barb. 616; *Ellis* v. *Brown,* 6 Barb. 282. The payee is presumptively to become the first indorser; so that Jacobs (as indorser before delivery) is necessarily the next succeeding indorser, against whom, ordinarily, no suit can be brought by a preceding indorser. Therefore there must be parol proof that such indorsement was made to get the maker of the note credit. *Coulter* v. *Richmond,* 59 N. Y. 478; *Jaffray* v. *Brown,* 74 N. Y. 393. The transferees from the payee, in order to recover from Jacobs, as such indorser before delivery and presumptive "second indorser," must rebut such presumption by pleading as well as proving facts showing that the indorser, Jacobs, indorsed the notes to give the maker "credit," with the knowledge and on the understanding that in the hands of the plaintiff thereon each such note was to be a valid obligation against such indorser, Jacobs. *Moore* v. *Cross,* 19 N. Y. 227; *Bacon* v. *Burnham,* 37 N. Y. 614; *Coulter* v *Richmond,* 59 N. Y. 478. The complaint herein contains no such allegations, and therefore exhibits no cause of action.

2. Mr. Jacobs was entitled to treat the present indorsements herein as undelivered and invalid until the surrender and return to him of his outstanding indorsements on the previous notes, whereof the notes in suit were in renewal. Lindau, as both maker and payee to his own order, meanwhile possessed such present indorsements simply in trust, or in a sort of escrow and as fiduciary holder. Chit. Bills, 210, 248; *Jones* v. *Fort,* 9 Barn. & C. 764; *Baker* v. *Bank,* 100 N. Y. 33, 2 N. E. Rep. 452; and see *Comstock* v. *Hier,* 73 N. Y. 277. If a note indorsed for the accommodation of the maker is diverted from the purpose for which it was left with the maker, and so is fraudulently put in circulation, there can be no recovery against such accommodation indorser without proof that the holder received it *bona fide,* and paid for it a valuable consideration. *Moore* v. *Ryder,* 65 N. Y. 441; *Bank* v. *Noxon,* 45 N. Y. 762, 765; *Wardell* v. *Howell,* 9 Wend. 172; *Cardwell* v. *Hicks,* 37 Barb. 458; *Bank* v. *Dill,* 39 Barb. 577, 580; *Weaver* v. *Barden,* 49 N. Y. 293, 294. And one who receives a negotiable note for a precedent debt takes it subject to all equities existing between the original parties. *Rosa* v. *Brotherson,* 10 Wend. 85; *Stalker* v. *McDonald,* 6 Hill, 93, 100. The present notes were indorsed for the purpose of taking up other notes. The present plaintiff parted with nothing upon the strength of the notes, but merely sold to his transferrer, (Breck,) on general account, a bill of merchandise, accepting the said notes in part payment; and he therefore took the notes, according to Breck's testimony, for a precedent debt.

3. It is a good defense to a renewal note (like the ones in suit) that the former note has not been returned. *Miller* v. *Ritz,* 3 E. D. Smith, 253. And the common pleas, general term, in *Beauford* v. *Patterson,* 63 How. Pr. 81, reiterated that decision, and further held that the statement and proof that the note was lost at the time would be no excuse. Even an offer to surrender the old notes at the trial would have been insufficient, in view of the wrongful transfer of the paper. *Bank* v. *Dill,* 39 Barb. 579. To like effect, that non-surrender of the antecedent note is a "diversion," defeating any recovery, *Wardell* v. *Howell,* 9 Wend. 172. But on this point *Nickerson* v. *Ruger,* 76 N. Y. 280, is decisive of the present case. There, as herein, a renewal note, (at page 282,) delivered for accommodation, was deemed "diverted" by not being used to take up the precedent note; and held DANFORTH, J., the "burden of proof" is on the plaintiff to show he is a *bona fide* holder for value, though presumably without notice; and, (page 284,) "if the note was thus diverted, the jury must determine to what extent the plaintiff has paid value for it; for only to that extent can the plaintiff recover, and not for that, even, if defendant could affect him with notice." See *Dalrymple* v. *Hillenbrand,* 62 N. Y. 6.

4. The plaintiff entirely failed to establish he was a *bona fide* holder as indorsee. The burden of proof rests upon the indorsee to show that he took the

particular note *bona fide* and for a valuable consideration, (*Ordiorne* v. *Wood-man*, 39 N. H. 541;) that is to say, proof of a diversion of commercial paper from the purpose for which it was delivered casts on the holder of it the *onus* of establishing that he is a *bona fide* holder, or has succeeded to the rights of such a holder. *Bank* v. *Noxon*, 45 N. Y. 762, 765; *Benedict* v. *Degroot*, 3 Trans. App. 66. The burden is not on the defendant to impeach the plaintiff's title; but when there is proof of a fraud or diversion concerning the note, or its indorsement or delivery, the plaintiff must prove he gave value for the note, and also the manner in which he took it. A plaintiff suing upon a negotiable note or bill acquired before maturity is in the first instance presumed to be a *bona fide* holder; but, when the maker or indorser has shown that the note or indorsement was fraudulently or wrongfully obtained or so used, the plaintiff then has to show under what circumstances and for what value he became the holder. *Bank* v. *Green*, 43 N. Y 300, 301. The law on this subject is plainly collated in *Comstock* v. *Hier*, 73 N. Y 273, 274, in the following language: "Where the bill or note is void in its creation, or was unduly obtained or wrongfully diverted from its purpose and fraudulently negotiated, the party suing on it is bound to show himself to be a *bona fide* holder. The affirmative thereon is with the plaintiff. If received overdue, or with notice of the circumstances under and purposes for which it was issued, he, although he pays a valuable consideration, is not a *bona fide* holder. If received before maturity, and without notice or knowledge of any fraud in its inception or in its transfer, and he gets it simply for a precedent debt, he takes it, notwithstanding, subject to all its infirmities; and, when (like the notes herein) a note is made and indorsed to take up another note to which the indorser is also a party, its use is not a matter of indifference to the indorser, but, if diverted, he may defend himself thereon except as against a *bona fide* holder for value." Id. 274.

5. The maker, indorser, and payee of the notes in suit herein clearly proved, by uncontradicted evidence, a "diversion" and "unauthorized transfer" of said notes, as against the accommodation indorser, Jacobs; and on plaintiff's part no testimony was given, except of the receipt by him of such notes in partial payment of an indebtedness created on a sale of merchandise. That was not enough. It was requisite, upon plaintiff's part, to show that he, as holder, had parted with value for the notes, and on the faith of them; which is a case entirely different from the acceptance of such notes for property previously sold to the transferrer of the notes. *Bank* v. *Penfield*, 69 N. Y. 502, 505. Indeed, the plaintiff, though within the jurisdiction, utterly neglected to appear on the trial and testify, as he should have done. These notes, on their face, portrayed that Jacobs was but an irregular and accommodation indorser, and the plaintiff thereby was put on his inquiry as to the particulars of the indorsement, (*Phelps* v *Vischer*, 50 N. Y. 74;) and, as Jacobs claims, the plaintiff or holder accordingly called upon Jacobs, who duly informed him of the conditions of said indorsement, previous to plaintiff's acceptance of the paper in question. That alone would bar a recovery by plaintiff, Ives. *Crandall* v. *Vickery*, 45 Barb. 156. The testimony is clear that these notes were only given unto plaintiff in payment of goods bought of Mr. Ives, the plaintiff, and that this was simply an ordinary transaction; also that plaintiff's transferrer, at the time, owed to plaintiff something further, "a month's indebtedness,"—*i. e.*, an account summing up a month or so,—besides those goods which were delivered immediately. Upon all this, said notes were received in partial payment; that is, for a "precedent" debt.

6. The purchaser of the merchandise became, by his purchase, generally liable for the value or price of the articles. That created at once an indebtedness from such vendee unto plaintiff, Ives, in addition to the said month's indebtedness, upon which aggregate the notes were taken *pro tanto*. Consequently said notes were accepted wholly for an "already arisen" indebted-

ness; and hence the plaintiff cannot maintain this action as tried against Jacobs, the accommodation indorser.  The law of this state is: "Prior equities of antecedent parties to negotiable paper, transferred in fraud of their rights, will prevail against an indorsee who has received it merely as payment for a precedent debt; there being no evidence of an intention to receive the paper in absolute discharge and satisfaction beyond what may be inferred from the ordinary transaction of accepting or receiving it in payment, or crediting it on account.  The law regards the payment, under such circumstances, as conditional only, and the right of the creditor to proceed upon the original indebtedness, after the maturity of the paper, is unimpaired."  *Insurance Co.* v. *Church,* 81 N. Y. 221, citing numerous authorities.

7.  The notes were made by Lindau to his own order, with Jacobs as indorser thereon before their delivery.  Lindau passed and indorsed these notes over to Breck, who transferred them, as above mentioned, to plaintiff.  The chain of deliveries is, therefore:  Lindau, as maker and payee, to Breck; and thence immediately to Ives, plaintiff.  Jacobs was outside of that chain, and never delivered the notes; and that made him an accommodation indorser only, before delivery, right upon the face of the transaction between Breck and Ives in which Ives acquired the notes, who thereby necessarily had knowledge that Jacobs was but an accommodation indorser, and that the notes, if misused and diverted as aforesaid, had, against the said Jacobs, no validity in plaintiff's hands, as received in mere payment for property sold.  This was evident from the very form of the notes taken by plaintiff from Breck, and not from Jacobs, the apparent second indorser thereof.  It follows the complaint is therefore insufficient, as above shown.  Furthermore, the plaintiff did not prove that he paid anything for this diverted paper now sued on.  For only that value by him parted with on the faith of the paper could he claim to recover.  *Huff* v. *Wagner,* 63 Barb. 215; *Nickerson* v. *Ruger,* 76 N. Y. 284.  There must hence be an amended complaint herein, and a new trial granted thereupon.

The verdict rendered is set aside; and the plaintiff has liberty to amend his complaint within 20 days, and without costs, in which event a new trial will be ordered thereon upon the plaintiff's motion, showing a proper amendment; and, in default of any such amendment, the complaint herein is dismissed as against defendant, Jacobs, with taxable costs and disbursements in favor of defendant, Jacobs.

### NOTE.

Bona Fide Purchasers of Negotiable Paper.  Possession of negotiable paper duly indorsed is *prima facie* evidence that the holder is a *bona fide* purchaser for value before maturity.  Cheney v. Stone, 29 Fed. Rep. 885; Mann v. Bank, (Kan.) 10 Pac. Rep. 150; Cochrane v. Dickenson, (La.) 3 South. Rep. 841; Langley v. Wadsworth, (N. Y.) 1 N. E. Rep. 106.  But where it is shown that there was a misapplication and unlawful use of notes by a partner in transferring them by indorsement, in contravention of the rights of the other members of the firm, the indorsee has the burden of proof that he is a *bona fide* purchaser.  Bank v. White, 30 Fed. Rep. 412.  Upon proof of such fraud in the inception of a note as to destroy the claim of the original holder, the presumption of a *bona fide* purchase for value before maturity is overcome.  Tabor v. Bank, (Ark.) 3 S. W. Rep. 805.

As to who is a *bona fide* purchaser, it is held that one who takes negotiable paper in payment of an antecedent debt before maturity, and without notice of any defect, is a holder for value.  Tabor v. Bank, (Ark.) 3 S. W. Rep. 805.  The holder of a negotiable note who has taken it as security for a pre-existing debt is a holder for value, and is protected against equities subsisting between the original parties.  Wood v. Seitzinger, 2 Fed. Rep. 843.  An indorsee of a negotiable note transferred to him before maturity and without notice, as security for a precedent debt, is a purchaser for value if he surrender other securities for the debt in consideration of the transfer of the note to him.  Bank v. Bentley, (Minn.) 6 N. W. Rep. 422.  But see Webster v. Machine Co., (Conn.) 8 Atl. Rep. 482, where it is held, after a review of the New York cases, that, by the law of that state, one who takes an accommodation acceptance given in behalf of a corporation by its treasurer without any right to do so, and in payment of a pre-existing debt, without an express agreement to release the debt, is not a holder for value.